1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7   ROBERT W. WILSON and SONIA
    SILVA WILSON, husband and wife,          NO:  11-CV-05130-TOR
8
                          Plaintiffs,        ORDER GRANTING MOTION FOR
9                                            LEAVE TO AMEND COMPLAINT
        v.                                   AND MOTION TO SEAL
10                                           CONFIDENTIAL INFORMATION
    BATTELLE MEMORIAL
11  INSTITUTE, dba PACIFIC
    NORTHWEST NATIONAL
12  LABORATORY,

13                        Defendant.

14
          BEFORE THE COURT is the Plaintiffs' Motion for Leave of Court to
15
    Amend Complaint.  ECF No. 21.  Also before the Court is the Parties Stipulated
16
    Motion for Order to Seal Confidential Information. ECF No. 30. This matter was
17
    heard without oral argument.  The Court has reviewed the motion, the response,
18
    the reply, supporting declarations and the Court is fully informed.
19
          Plaintiffs seek to file a second amended complaint adding three causes of
20
    action.  Plaintiffs contend the information supporting these new causes of action

    ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND
    MOTION TO SEAL CONFIDENTIAL INFORMATION ~ 1

was in part received in the 6,000 pages of discovery they received from the Defendant on January 18, 2012, five days after the Scheduling Order allowed amendments to the pleadings.  Counsel for the Plaintiffs communicated to Defendant's counsel the possibility of the amendment as early as February 7, 2012. ECF No. 29 at 6-7.  This communication was followed by several more communications during February and a formal motion on March 7, 2012.

Defendant contends the time to amend pleadings expired on January 13, 2012.  Defendant contends the Plaintiffs necessarily possessed all the information necessary to allege the causes of action all along and thus cannot meet the good cause standard.  Finally, Defendant contends that it would be prejudiced by this late amendment since discovery has progressed significantly.

The Motion to Amend the Amended Complaint in this case involves the applicability of Rules 15 and 16 of the Federal Rules of Civil Procedure. Rule 15(a)(2) provides that, except in circumstances not present here, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16(b)(4), on the other hand, provides that "[a] schedule [pursuant to a Rule 16(b)(1) scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO SEAL CONFIDENTIAL INFORMATION ~ 2

In *Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000), the Ninth Circuit explained the question of whether the liberal amendment standard of Rule 15(a) or the "good cause" standard of Rule 16 applies to a motion for leave to amend a complaint depends on whether or not the deadline for amendments in a Rule 16(b) scheduling order has expired:

> Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992).

*Coleman*, 232 F.3d at 1294. The court then explained the Rule 16(b) standard, as follows:

> Under Rule 16(b), [the plaintiffs] must show good cause for not having amended their complaints before the time specified in the scheduling order expired. *See [Johnson*, 975 F.2d] at 608-09. This standard "primarily considers the diligence of the party seeking the amendment." *Id*. at 609.

*Coleman*, 232 F.3d at 1294.

If good cause is shown, the party must then demonstrate that amendment was proper under Rule 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). When deciding motions to dismiss, the Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122,

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND
MOTION TO SEAL CONFIDENTIAL INFORMATION ~ 3

1    1130 (9th Cir. 2000).  The standard for granting leave to amend is generous.

2    *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  The court

3    considers five factors in assessing the propriety of leave to amend—bad faith,

4    undue delay, prejudice to the opposing party, futility of amendment, and whether

5    the plaintiff has previously amended the complaint.  *Id*.  Additionally, the Court

6    recognizes the strong public policy favoring disposition of cases on their merits.

7           The Court finds that the Plaintiffs have demonstrated good cause under Rule

8    16(b) to seek an amendment.  Plaintiffs appear to have diligently reviewed the

9    6,000 pages of discovery for relevant information to support what may have only

10   been previously suspected.  Indeed, had Plaintiffs pleaded these causes of action

11   prior to having the information to support their assertions, they could easily have

12   been subject to early dismissal.  *See Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S.Ct.

13   1937, 1949 (2009)(Rule 8 of the Federal Rules of Civil Procedure demands more

14   than an unadorned, the-defendant-unlawfully-harmed-me accusation). Having

15   found good cause for the amendment, the Court turns to the issue of whether the

16   amendment is proper under Rule 15(a)'s liberal standard. First, the Court finds no

17   undue delay, bad faith, or dilatory motive on the part of Plaintiffs.  While the

18   Plaintiffs have previously amended their complaint, the reason for this amendment

19   was not clearly supportable until discovery progressed.  The final factor to consider

20   is prejudice to the Defendant.  While each party may have to supplement its

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND
MOTION TO SEAL CONFIDENTIAL INFORMATION ~ 4

discovery requests to include more specific information concerning these new causes of action, they are not so different in kind or quality that discovery would begin anew.  Here, the discovery cutoff period has not expired and the bench trial is not scheduled until November 5, 2012.  The Court finds that the minimal prejudice which may be suffered by the Defendant is outweighed by the other factors favoring amendment of the complaint and the strong public policy favoring disposition of cases on the merits.

ACCORDINGLY, IT IS HEREBY ORDERED:

1.  Plaintiffs' Motion to Amend the Complaint (ECF No. 21) is **GRANTED**.

2.  Plaintiffs shall file their Second Amended Complaint forthwith.

3.  Defendant shall answer the Second Amended Complaint or otherwise plead as provided in the Rules.  The Court does not have before it any challenge to the sufficiency of the new causes of action and has not passed judgment upon them.

4.  The currently scheduled discovery cutoff of May 18, 2012, is extended to **June 29, 2012**.

5.  The parties shall supplement their expert witness Rule 26 materials, including expert witness reports, as they relate to the three new causes of action only, by **June 18, 2012**.

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO SEAL CONFIDENTIAL INFORMATION ~ 5

6.  The currently scheduled dispositive motions deadline of June 8, 2012, is extended to **July 6, 2012**.

7.  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), challenges to the admissibility of expert opinion testimony shall be filed on or before **July 6, 2012**.

8.  All other deadlines contained in the Scheduling Order (ECF No. 17) remain the same.

9.  The Stipulated Motion for Order to Seal Confidential Information (ECF No. 30) (signed by Plaintiffs' counsel only) is construed as an unopposed motion in accordance with the agreed protective order filed in this case, (ECF No. 20) and is hereby **GRANTED**.  The Court finds that good cause has been established to seal materials supporting a non-dispositive motion. The District Court Executive is directed to seal **ECF No. 29, pages 5-106 only**.

///

///

///

ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO SEAL CONFIDENTIAL INFORMATION ~ 6

The District Court Executive is hereby directed to enter this Order and

provide copies to counsel.

**DATED** this 18th day of April, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge