UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT W. WILSON and SONIA SILVA WILSON, husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>BATTELLE MEMORIAL INSTITUTE, d/b/a PACIFIC NORTHWEST NATIONAL LABORATORY,<br><br>Defendant. | NO: 11-CV-5130-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Defendant's Motion for Reconsideration, ECF No. 111, and Defendant's Motion to Expedite, ECF No. 114. This matter was set for hearing without oral argument on October 10, 2012, but was heard on an expedited basis. The Court has reviewed motion and relevant documents and is fully informed without the necessity of Plaintiff's responsive briefing.

//

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 1

## BACKGROUND

Plaintiff Robert W. Wilson ("Wilson") worked for Defendant Battelle Memorial Institute ("Battelle") for four years, until he was terminated from his employment. He subsequently filed suit against Battelle alleging age discrimination under Washington State law, disparate treatment, and breach of implied contract. Battelle filed a Motion for Summary Judgment on all claims. By Order dated October 1, 2012, the Court granted summary judgment on the disparate treatment and breach of implied contract claims; and denied summary judgment on the age discrimination claim under Washington State law.

## DISCUSSION

Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Id*.

The Ninth Circuit has held that the plaintiff's burden in a discrimination case at the summary judgment stage is "not great." *Warren v. City of Carlsbad*, 58 F.3d 439, 443 (9th Cir. 1995).

> '[T]he plaintiff [who has established a prima facie case] need produce very little evidence of discriminatory motive to raise a genuine issue of fact' as to pretext. In fact, 'any indication of discriminatory motive…may suffice to raise a question that can only be resolved by a factfinder. Once a prima facie

case is established…summary judgment for the defendant will ordinarily not be appropriate on any ground relating to the merits…

*Id*. (internal citations omitted).  Similarly, Washington courts have found that summary judgment in favor of an employer in a discrimination case is often inappropriate because evidence commonly "contain[s] reasonable but competing inferences of both discrimination and nondiscrimination." *Kuyper v. State*, 79 Wash. App. 732, 739 (Ct. App. 1995).  Moreover, the court must view the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 327, 378 (2007).

Battelle does not indicate the existence of new evidence, an intervening change in the law, or a necessity to prevent manifest injustice.  Rather, Battelle submits the instant motion "because the Court's Order suggests that the Court may have inadvertently missed dispositive and uncontroverted evidence." ECF No. 112. The Court will briefly touch on each challenge in turn. First, Battelle argues that in evaluating Mr. Enge's testimony "the Court mistakenly states that this information was not produced as part of the record and thus could not be evaluated." ECF No. 112 at 3.  This is a misstatement of the Court's exact language, which was as follows:

> The Court notes that Roby Enge did not use the term "old timers" himself, but responded in the affirmative to that terminology when used by counsel in a question during his deposition.  At oral argument, Battelle argued that the usage of "old timers" was more about the employees who had been around for a long time, instead of an age related comment.  The Court cannot

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 3

evaluate the usage of this term because it was not provided with any context for this line of questioning in the deposition.

ECF No. 110 at 24, n.8. At no point did the Court state that the information was not produced as part of the record. The Court noted that it was counsel, and not Mr. Enge himself, who used the term "old timers." After reviewing the totality of Mr. Enge's deposition testimony as conducted by each party, the Court determined that it could not appropriately evaluate the usage of the term because the portions of testimony selected by each party were not provided with sufficient context.

Battelle also assumes that the Court misinterpreted comments made by Mike Schlendler to Shelly Grohs as directly referring to Wilson, as opposed to a different "Robert." ECF No. 112 at 4. The Court was under no such misapprehension, and at no point in the Court's Order did it make a representation that Mr. Schlendler was referring to Wilson.

Battelle stresses that these two comments, along with a comment to Alice Ikenberry that she had been "on the job too long," were not made to Wilson and were not a factor in his termination. ECF No. 112 at 4-5. The Court never asserted otherwise, however, these statements are relevant circumstantial evidence in support of Wilson's argument that Battelle management had established a "mission" to remove older employees after he was hired. *See Griffith v. Schnitzer Steel Industries, Inc.*, 128 Wash. App. 438, 447 (Ct. App. 2005) ("[a]n employee need not produce direct or 'smoking gun' evidence to show pretext –

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 4

circumstantial and inferential evidence can be sufficient…"). This evidence, together with the allegedly age-related comments made directly to Wilson, was sufficient for Wilson to sustain his burden to raise an inference that Battelle's stated reasons for firing him were pretextual. Whether or not these comments were, in fact, age-related, will be for the trier of fact to determine after weighing the evidence and assessing the credibility of the witnesses.

Despite its assertion to the contrary, the evidence offered by Battelle was carefully studied by the Court and was found to be neither dispositive nor uncontroverted. Viewed in the light most favorable to Wilson, the circumstantial evidence of pretext was sufficient to raise a genuine issue of fact and summary judgment on his age discrimination was properly denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration, ECF No. 111, is **DENIED**.
2. Defendant's Motion to Expedite, ECF No. 114, is **GRANTED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 4th day of October, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge